```
ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey  08625
Attorney for Defendants Thomas Whitley, Tracy Gordon, Marlon E.
Curtis, Cleveland Eatman, Nathaniel Bush and Brian McGill

By:   Thomas E. Kemble
      Deputy Attorney General
      (609) 292-8582
      TK9079
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| MIGUEL ORTIZ, | : HON. PETER G. SHERIDAN, U.S.D.J. |
| Plaintiff, | : Civil Action No. 06-4730(PGS-ES) |
| v. | : |
| GEORGE HAYMAN, ET AL., | : |
| Defendants. | : |

---

BRIEF ON BEHALF OF DEFENDANTS, THOMAS WHITLEY, TRACY GORDON, MARLON E. CURTIS, CLEVELAND EATMAN, NATHANIEL BUSH and BRIAN McGILL IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF AN ANSWER PURSUANT TO FED.R.CIV.P. 56

---

**TABLE OF CONTENTS**

                                                                  **PAGE**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY JUDGMENT STANDARD OF REVIEW   . . . . . . . . . . . . . . 3

LEGAL ARGUMENT

       THE DEFENDANTS ARE ENTITLED TO SUMMARY
       JUDGMENT BECAUSE ORTIZ FAILED TO PROPERLY
       EXHAUST HIS ADMINISTRATIVE REMEDIES . . . . . . . . . . 4

  A.   The Exhaustion Requirement Applies to Ortiz . . . . . 6

  B.   The Record Shows That Ortiz Failed To Exhaust
      His Available Administrative Remedies . . . . . . . . 7

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**TABLE OF AUTHORITIES**

**CASES**

Adickes v. S.J. Kress & Co., 398 U.S. 144 (1970) . . . . . . . 3

Ahmed v. Dragovich, 297 F.3d 201 (3d Cir. 2002) . . . . . . 6, 7

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) . . . 3, 4

Bixler v. Central Pa. Teamsters Health & Welfare Fund,
    12 F.3d 1292 (3d Cir. 1993) . . . . . . . . . . . . . . . . 3

Booth v. Churner, 532 U.S. 731 (2002) . . . . . . . . . . . . 5

Brooks v. Kyler, 204 F.3d 102 n.5 (3d Cir. 2000) . . . . . . . 3

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) . . . . . . . . 3

Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) . . . . . . 5

J.E. Mayime & Sons, Inc. v. Fidelity Bank,
    813 F.2d 610 (3d Cir. 1987) . . . . . . . . . . . . . . . . 4

Ortiz v. Department of Corrections, Docket No.
    A-6260-04T1, slip op. at 2 (App. Div. May 29, 2006) . . . . 2

Porter v. Nussle, 531 U.S. 516 (2002) . . . . . . . . . . . . 5

Todaro v. Bowman, 872 F.2d 43 (3d Cir. 1989) . . . . . . . . . 3

Trap Rock Indus. Inc. v. Local 825, Int'l
    Union of Operating Eng'rs, 982 F.2d 884 (3d Cir. 1992) . . 3

Troville v. Venz, 303 F.3d 1256 (11th Cir. 2002) . . . . . . . 6

Woodford v. Ngo, 126 S.Ct. 2378 (2006) . . . . . . . . . . 5, 6

**STATUTES**

28 U.S.C. § 1915 . . . . . . . . . . . . . . . . . . . . . 1, 2

42 U.S.C. § 1915 . . . . . . . . . . . . . . . . . . . . . . 6

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . 4

42 U.S.C. § 1997e(a) . . . . . . . . . . . . . . . . . . . 4, 5

ii

42 <u>U.S.C.</u> §§ 1983 . . . . . . . . . . . . . . . . . . . . . . 1

**<u>RULES</u>**

<u>Fed.R.Civ.P.</u> 56 . . . . . . . . . . . . . . . . . . . . . . 1

<u>Fed.R.Civ.P.</u> 56(c) . . . . . . . . . . . . . . . . . . . . 3

PRELIMINARY STATEMENT

Plaintiff, Miguel Ortiz (Plaintiff or Ortiz), is a New Jersey Department of Corrections (NJDOC) inmate who brought this action pursuant to 42 U.S.C. §§ 1983 alleging violations of his constitutional rights while housed at Northern State Prison (NSP) in Newark, New Jersey. Specifically, Ortiz claims that he was the victim of excessive force while incarcerated at NSP. Ortiz has named Corrections Lieutenant Thomas Whitley and Senior Corrections Officers Brian McGill, Marlon Curtis, Nathaniel Bush, Cleveland Eatman and Tracy Gordon as defendants.

The defendants are entitled to summary judgment pursuant to Fed.R.Civ.P. 56 because Ortiz did not exhaust his administrative remedies prior to filing this action in federal court.

PROCEDURAL HISTORY

Plaintiff, Miguel Ortiz, submitted his complaint to this Court for filing on October 2, 2006, together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Case Docket Entry 1. In this initial proposed pleading, Ortiz alleged he was the victim of excessive force, denied due process and was the victim of false disciplinary action. Ibid.

On October 17, 2006, this Court issued an order and opinion allowing only Ortiz's excessive force claim against the above named defendants to proceed.

Service was effected between May 1-21, 2007. Case Docket Entry 12.

On May 25, 2007, the defendants filed a motion to extend time to answer. Case Docket Entry 14.

On May 30, 2007, the Court granted this motion directing an answer be filed by June 29, 2007.

This motion for summary judgment in lieu of answer now follows.

## STATEMENT OF FACTS

Plaintiff, Miguel Ortiz, is a New Jersey State inmate who is currently housed at the Central Reception and Assignment Facility (CRAF) in Trenton, New Jersey. See Face Sheet and Progress Notes, Certification to Thomas E. Kemble, Exhibit A. The plaintiff is serving a five-year sentence (three-year minimum) for unlawful possession of a weapon. Ibid.

Plaintiff's complaint arises from a May 22, 2005, incident when he was found in possession of a sharpened piece of metal, or shank. See Ortiz v. Department of Corrections, Docket No. A-6260-04T1, slip op. at 2 (App. Div. May 29, 2006), Certification of Thomas E. Kemble, Exhibit B. Plaintiff alleges that during the course of being taken into custody on that date, he was assaulted by the defendants. See Case Docket Entry 1.

NJDOC records show that Ortiz filed thirty-one administrative remedy forms between May 22, 2005 and October 2,

2

2006, and that none of these forms concern the excessive force allegations set forth in his complaint. Certification of Thomas E. Kemble, Exhibit D.

### SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment may be granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Brooks v. Kyler, 204 F.3d 102, 105 n.5 (3d Cir. 2000); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Todaro v. Bowman, 872 F.2d 43, 46 (3d Cir. 1989). An issue is "genuine" if a reasonable jury could possibly hold in the non-movant's favor with regard to that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A fact is "material" if it influences the outcome under the applicable law. Id. at 248.

The burden is on the moving party to demonstrate the absence of a genuine issue of material fact. Adickes v. S.J. Kress & Co., 398 U.S. 144, 157 (1970). However, the non-moving party may not rest upon mere allegations, general denials, or vague statements in opposition to a summary judgment motion. If the non-moving party's evidence is merely colorable, or is not significantly probative, summary judgment may be granted. See Bixler v. Central Pa. Teamsters Health & Welfare Fund, 12 F.3d 1292 (3d Cir. 1993); Trap Rock Indus. Inc. v. Local 825, Int'l Union of

Operating Eng'rs, 982 F.2d 884, 980-91 (3d Cir. 1992).

The substantive law governing the dispute will determine which facts are material, and only disputes over those facts "that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact for trial does not exist "unless the party opposing the motion can adduce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor." J.E. Mayime & Sons, Inc. v. Fidelity Bank, 813 F.2d 610, 618 (3d Cir. 1987) (Becker, J., concurring).

LEGAL ARGUMENT

THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE ORTIZ FAILED TO PROPERLY EXHAUST HIS ADMINISTRATIVE REMEDIES.

The defendants are entitled to summary judgment with respect to the plaintiff's excessive force claims because the record shows Ortiz failed to properly exhaust his administrative remedies.

The Prison Litigation Reform Act of 1996 ("P.L.R.A."), among other things, requires prisoners asserting a claim under 42 U.S.C. § 1983 to first exhaust administrative remedies. See 42 U.S.C. § 1997e(a). Specifically, § 1997e(a) provides that:

> No action shall be brought with respect to
> prison conditions under section 1983 of this

>title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement applies to prisoners who were in custody at the time they filed their original complaint. Porter v. Nussle, 531 U.S. 516, 524 (2002). Exhaustion is mandatory, even if the available administrative processes cannot grant the desired remedy. Booth v. Churner, 532 U.S. 731 (2002). It applies to prison conditions, which include not only conditions affecting prisoners generally, but also to "occurrences." Porter, supra, 531 U.S. at 521. Most notably, the Third Circuit in Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002), reversed the judgment of the District Court and held that the P.L.R.A.'s exhaustion requirement applies to the grievance procedure in an inmate handbook that is not formally adopted by a state administrative agency. Concepcion, 306 F.3d at 1348-1349. Additionally, 42 U.S.C. § 1997e(a) contains no futility exception that would excuse a failure to exhaust. Booth, 532 U.S. at 741 n. 6.

The Supreme Court has further held that the PLRA requires "proper exhaustion." Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006). Proper exhaustion means a prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id. at 2384. The Court stated that "[p]roper exhaustion

5

demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without some orderly structure on the course of its proceedings." Id. at 2386.

A.   The Exhaustion Requirement Applies to Ortiz.

42 U.S.C. § 1915 provides that "[a]s used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  In assessing whether the exhaustion requirement applies to plaintiff, a court must look to his status at the time he filed his complaint. Troville v. Venz, 303 F.3d 1256, 1259 (11th Cir. 2002); see also Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002)(denying plaintiff-prisoner's motion to amend on grounds of futility since the plaintiff was a prisoner at the time he filed his original complaint and conceded that he did not exhaust available administrative remedies). In this case, Ortiz clearly was incarcerated within the State of New Jersey when he filed his original complaint. Certification of Thomas E. Kemble, Exhibit A.

B.  The Record Shows That Ortiz Failed To Exhaust His Available Administrative Remedies.

The plaintiff failed to utilize the New Jersey Department of Correction's remedy procedures to voice his complaints concerning the alleged incident on May 22, 2005. As a result, his complaint must be dismissed as a matter of law.

As set forth in the NSP Inmate Handbook, the Administrative Remedy procedures have been set up to afford several methods for appeals and grievances. Certification of Thomas E. Kemble, Exhibit C. Any complaints against staff members should be first written on an Inmate Remedy Form and forwarded to the Administrator. Ibid. The matter is then investigated and inmates are instructed to submit an Administrative Remedy Form if no response is received within thirty days. Ibid.

It is clear from the voluminous number of remedy forms filed by the plaintiff between May 22, 2005, and October 2, 2006, the day he filed his complaint, that he knew how to utilize the administrative remedy system and, in fact, used it numerous times before filing this complaint. Certification of Thomas E. Kemble, Exhibit D. Notwithstanding the fact that the plaintiff filed thirty-one such forms during this time period, none concern the excessive force claims he asserts. Ibid. Here, the record is clear that the plaintiff did not exhaust he administrative remedies prior to filing this litigation. Ibid.

Since Ortiz failed to properly exhaust his remedies for the allegations in his complaint, he denied the New Jersey Department of Corrections the ability to handle his allegations internally prior to bringing them into this Court.

## CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment should be granted and the plaintiff's complaint should be dismissed.

Respectfully submitted,

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY

s/Thomas E. Kemble
Thomas E. Kemble

Dated: June 29, 2007