IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MIGUEL ORTIZ<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE HAYMAN, ET AL.<br>Defendants. | HON. PETER G. SHERIDAN, U.S.D.J.<br><br>Case No. 06-4730 (PGS-ES) |

**REPLY BRIEF OF PLAINTIFF, MIGUEL ORTIZ
IN FURTHER OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT IN LIEU OF AN ANSWER**

Plaintiff, Miguel Ortiz (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, files this reply brief in further opposition to Defendants' Motion for Summary Judgment in Lieu of an Answer.

**PRELIMINARY STATEMENT**

Plaintiff relies upon his prior brief and Affidavit in opposition to the within motion. The genuine issue of material fact presented by Defendants' motion to dismiss relates to the fact that Plaintiff allegedly failed to file an Inmate Remedy Form or Administrative Remedy Form with respect to the excessive force by the Defendants on May 22, 2005. However, the record clearly demonstrates that Plaintiff's efforts to complete the IRF and ARF were frustrated by the Department of Corrections and its employees. Thus, the administrative process was not completed due to the inactions of Northern State Prison and its Administrator.

## ARGUMENT

According to the Inmate Handbook for Northern State Prison:

> Complaints involving staff members should be written on an "I.R.F" (Inmate Remedy Form) and forwarded to the office of the administrator. Upon receipt of the complaint, it will be reviewed and forwarded to the appropriate department head for investigation. The results of the investigation will be reviewed and a response will be sent. If no response is received by the inmate within 30 days, that inmate may submit an Administrative Rememdy Form.

Certification of Thomas E. Kemble dated June 29, 2007, Exhibit C.

Plaintiff completed an IRF form on May 23, 2005 complaining that he had been "the victim of staff brutality." <u>See</u> Affidavit of Miguel Ortiz dated August 21, 2007. ("Ortiz Aff."). Plaintiff then gave the IRF to the corrections officer working at the Administrative Custody Segregation Unit of Northern State Prison. Ortiz Aff., ¶4. The record demonstrates that the ACSU does not contain a secured mailbox for mailing IRFs. Defendants assert that inmates housed at ACSU may submit their remedy forms to housing officers, custody supervisors or civilian social workers during their tours of the prison units. Declaration of Paul Marks, ¶¶2-4. The Defendants do not dispute the acceptability of the manner in which Plaintiff attempted to submit the IRF on May 23, 2005. From Plaintiff's perspective, he had complied with the first step of the Grievance Procedure.

While waiting the requisite thirty (30) days for a response from the Administrator, Plaintiff complained to Nurse Patricia Stephens that he had been, "beaten up by the police on 5/22/05." Ortiz Aff., Exhibit B. On May 23, 2005, Plaintiff pled "not guilty" to the charges he was facing from the incident of May 22, 2005, and complained that "they kicked me and threw me on the ground." Ortiz Aff., Exhibit C-2.

Defendant remained in the ACSU for 96 days. Plaintiff indicated that he feared for his life and security from the corrections officers who may retaliate against him if he accused them of assault. Ortiz Aff., ¶8. After being transferred to Bayside State Prison in September 2005, Plaintiff submitted:

1) An Interview Request form dated October 20, 2005;

2) An Administrative Remedy Form dated November 3, 2005.

The Administrative Remedy Form specifically requested an interview the Special Investigation Division stating, in pertinent part: "Please Sir this matter (problem) is very important to me & my family and I believe things are better said in person than writing on this request. I don't need no more problems could you please find it in your heart to see me A.S.A.P." Ortiz Aff., Exhibit E.

The Administrative Remedy Form satisfied the second part of the Grievance Procedures. Plaintiff did not detail the alleged incident, however, his fears are evident from the fact that he did not want to include written allegations on the form. Despite Defendants' assertions to the contrary, the forms dated October 20, 2005 and November 3, 2005, were submitted prior to the filing of the within action. See Defendant's Reply Letter Brief dated September 17, 2007, Pages 4-5. The Complaint was filed on October 2, 2006, almost a full year after the aforementioned Administrative Remedy Form. As in the past, Plaintiff did not receive a response for his request for an Administrative Remedy.

The Administrator of Northern State Prison never processed any IRF submitted by Plaintiff on May 23, 2005, nor did the Administrator acknowledge the forms of October 20, 2005 and November 3, 2005. Thus, Plaintiff was never even afforded an opportunity to have

his administrative remedy heard in accordance with the Prison Litigation Reform Act (PLRA) and <u>Woodford v. Ngo</u>, 548 U.S. 81 (2006). The fact that Plaintiff did not exhaust his administrative remedy pursuant to PLRA can be directly attributed to the failure of Northern State Prison, its Administrator and its corrections officer to properly process Plaintiffs remedy forms.

Whether the IRF of May 23, 2005 was ever submitted by the corrections officer and placed in the mail remains a genuine issue of material fact that precludes entry of summary judgment on behalf of the Defendants.

## **CONCLUSION**

For the forgoing reasons, Plaintiff respectfully requests:

1. Defendants' motion for summary judgment be denied:

2. Award Plaintiff attorney's fees and court costs; and,

3. For any further or such other relief appropriate as to the Court.

SERRUTO & ASSOCIATES, P.C.
ATTORNEYS FOR PLAINTIFF

/s/ Andrew R. Bronsnick
ANDREW R. BRONSNICK (AB 0480)

Dated: March 20, 2008

–4–

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the foregoing *Reply Brief* was mailed first class, postage prepaid, and served via CM/ECF on this the 20th day of March, 2008, to:

  Thomas E. Kemble, Esq.
  Office of the Attorney General
  25 Market Street
  P.O. Box 112
  Trenton, N.J. 08625-0112
  *Counsel for Defendants*

              <u>/s/ Andrew R. Bronsnick</u>
              Andrew R. Bronsnick